| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>Boulder Justice Center<br>1777 6th Street<br>Boulder, CO 80302<br><br>**Plaintiff:**<br>DAVID P. QUINT<br><br>vs.<br><br>**Defendant:**<br>DILLON COMPANIES, INC., a Foreign Limited Liability Company (d/b/a King Soopers)<br><br>**PURVIS • GRAY • THOMSON, LLP**<br>Michael J. Thomson, Reg. No. 33592<br>4410 Arapahoe Ave., Suite 200<br>Boulder, Colorado  80303<br>Fax: (303) 440-3688<br>Email: mthomson@purvisgray.net<br>*Attorneys for Plaintiff* | DATE FILED: March 19, 2021 12:39 PM<br>FILING ID: 73E250ACFB319<br>CASE NUMBER: 2020CV31021<br><br><br>▲ COURT USE ONLY ▲<br><br>Case No.<br><br>Division: |
| **AMENDED COMPLAINT AND JURY DEMAND** | |

Plaintiff, David P. Quint ("David Quint"), by and through his attorneys, PURVIS • GRAY • THOMSON, LLP, states as follows:

1.      This is an action to recover damages for losses sustained by Plaintiff as a result of injuries, damages, and losses he suffered in an incident which occurred on December 28, 2018 caused by Defendant having breached duties owed him.

2.      Plaintiff is a resident of Boulder County, Colorado.

3.      Defendant Dillon Companies, Inc., a Foreign Limited Liability Company (d/b/a King Soopers) ("King Soopers") is authorized to conduct business, and is currently conducting business, in the state of Colorado.

4.      King Soopers owns, manages and/or operates the property and common areas located at 3600 Table Mesa Drive, Boulder, CO 80305 ("the Premises") in Boulder County, Colorado.

5.      The events occurred in Boulder County, Colorado.

6.      Venue is proper in this Court pursuant to C.R.C.P. 98 because the incident occurred in Boulder County, Colorado.

7.      On Friday, December 28, 2018 at approximately 6 p.m., after paying for the items he purchased from King Soopers at the Premises, Plaintiff David Quint was pushing a small grocery cart provided by King Soopers, with the purchased items contained on the cart (two 1 gallon jugs of Eldorado Springs water) into the parking lot. As he approached his car, the front right wheel of the cart hit a large rut in the parking lot, and the cart flipped completely over. The momentum caused Mr. Quint to himself flip over the cart, bounce off the cart, and land on the pavement to the right side of the cart injuring him.

8.      The circumstances surrounding the injury, including the facts which demonstrate the existence of the dangerous condition itself, give rise to a reasonable inference that King Soopers had at least constructive notice of the dangerous condition.

9.      King Soopers is well aware of the potential for ruts/potholes and other dangerous conditions to develop in the parking lots of their stores. In this instance at the Premises, nothing was done to warn customers of this danger and King Soopers did not act reasonably to eliminate the danger.

**CLAIM FOR RELIEF**
(Premises Liability – King Soopers)

10.     Plaintiff incorporates all previous allegations of this Complaint by this reference.

11.     At the time and place of the relevant incident, Defendant King Soopers controlled the activities on the Premises. The rut in the parking lot at the Premises created an unreasonable risk of injury to persons such as the Plaintiff David Quint. Defendant King Soopers knew of or should have known the dangerous condition was present, in sufficient time to have removed the danger or adequately warned persons that the condition was there so that injury could have been prevented, and Defendant King Soopers failed to do so.

12.     Plaintiff was an invitee on Defendant's Premises at the time of the incident. See C.R.S. § 13-21-115(3).

13.     King Soopers, and its employees, had a duty to exercise reasonable care to protect invitees against dangers of which they actually knew or should have known, as relates to the condition and maintenance of the Premises. See C.R.S. § 13-21-115(3)(c)(I).

14.     King Soopers, and its employees, breached their duty of care by the unreasonable failure to exercise reasonable care with respect to dangers it created and/or by not warning Plaintiff

David Quint and similarly situated persons of said dangerous and potentially harmful condition that employees of King Soopers knew or should have known existed on the Premises. See C.R.S. § 13-21-115(3)(c)(I).

15.    The actions of King Soopers's employees caused damages, injuries, and losses to Plaintiff David Quint further described below.

16.    At the time and place of the relevant incident, employees of King Soopers were functioning as agents and employees of King Soopers and were acting within the course and scope of that agency and/or employment.

17.    King Soopers is liable for the injuries, damages, and losses caused by the actions of its employees under the doctrine of *respondeat superior*.

18.    As a direct and proximate result of the actions of the Defendant, Plaintiff David Quint suffered injuries, damages, and losses including, without limitation, the following:

    a.    right rotator cuff tear including full-thickness partial tear of the supraspinatus tendon, partial thickness anterior fiber tear of the infraspinatus, and high grade, possible full-thickness tear of the insertional fibers of the subscapularis;

    b.    neck pain;

    c.    head injury with two separate lumps;

    d.    bruises on his right forearm, right shoulder, and right buttocks;

    e.    pain in his tailbone;

    f.    pain above and below his right knee;

    g.    bruising to his left hand including his left thumb and index finger;

    h.    severe physical and mental pain and suffering, past and future;

    i.    loss of life enjoyment and impairment of quality of life, past and future;

    j.    permanent physical impairments; and

    k.    medical, hospital, therapy and related expenses, past and future.

WHEREFORE, Plaintiff prays for judgment against Defendant in amounts sufficient to compensate Plaintiff for his injuries, damages, and losses, pre- and post-judgment interest as provided by law, expert witness fees, costs, and such other and further relief as the Court deems appropriate.

**JURY DEMAND**

**PLAINTIFF HEREBY DEMANDS TRIAL TO A JURY
ON ALL ISSUES SO TRIABLE.**

Dated this 19th day of March, 2021.

> **PURVIS • GRAY • THOMSON, LLP**
>
> *Signature of Michael J. Thomson on file at the offices of PURVIS • GRAY • THOMSON, LLP*
>
> By */s/ Michael J. Thomson*
>         Michael J. Thomson

Address of Plaintiff:
2845 Kenyon Circle
Boulder, CO 80305

4

Exhibit A

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing **AMENDED COMPLAINT AND JURY DEMAND** was served this 19th day of March, 2021 *via* Colorado Courts E-Filing on:

Katie B. Johnson
Cara M. Knight
Sutton | Booker P.C.
4949 S. Syracuse, Suite 500
Denver, Colorado 80237
***Attorneys for Defendant Dillon Companies, Inc.***

      *Original signature of Ivy Rain, Paralegal*
      *on file at the offices of Purvis • Gray • Thomson, LLP*
      _____

5